UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

MANUEL GONZALEZ,

                Petitioner,

v.

UNITED STATES OF AMERICA

**ORDER**

03 Civ. 359 (PGG)

(S10) 98 Cr. 438 (PGG)

PAUL G. GARDEPHE, U.S.D.J.:

        On April 1, 2020, Petitioner Manuel Gonzalez moved, pursuant to 28 U.S.C. § 2255, to vacate his conviction and sentence for a violation of 18 U.S.C. § 924(c), citing the Supreme Court's decision in United States v. Davis, 139 S. Ct. 2319 (2019).  (Dkt. No. 13, 03 Civ. 359)

        On March 12, 2000, Petitioner pled guilty to (1) a racketeering conspiracy, in violation of 18 U.S.C. §§ 1961 & 1962 ((S10) Indictment, 98 Cr. 438, Count One); (2) conspiracy to commit murder in aid of racketeering, in violation of 18 U.S.C. § 1959(a)(5) (id., Count Two); and (3) using and carrying a firearm during a crime, in violation of 18 U.S.C. § 924(c), for which the predicate "crime of violence" was conspiracy to commit murder in aid of racketeering (id., Count Three).  (Dkt. Nos. 121, 124, 98 Cr. 438)  With an offense level of 44 and a Criminal History Category of I (Judgment (Dkt. No. 141) at 6, 98 Cr. 438), Gonzalez faced a sentence of life imprisonment under the then-applicable Sentencing Guidelines.  The statutory maximum terms of imprisonment for his offenses were 240 months on Count One, 120 months on Count Two, and 60 months on Count Three.  Judge Robert Carter sentenced Petitioner to a total entence of 420 months' imprisonment, comprised of 240 months' imprisonment on Count One, 120 months' imprisonment on Count Two, and 60 months' imprisonment on Count Three, with all terms to run consecutively to each other.  (Id. at 2)

On December 27, 2005, Judge Carter denied Gonzalez's petition filed pursuant to 28 U.S.C. § 2255.  (Dec. 28, 2005 Order (Dkt. No. 3), 03 Civ. 359)

On June 24, 2019, the Supreme Court issued its decision in Davis, holding that 18 U.S.C. § 924(c)(3)(B) – in which "crime of violence" is defined – is unconstitutionally vague. United States v. Davis, 139 S. Ct. 2319, 2336 (2019).  In December 2019, Gonzalez filed a motion with the Second Circuit for permission to file a successive Section 2255 petition.  The Second Circuit granted that motion on January 28, 2020.  (Jan. 28, 2020 Order (Dkt. No. 31)). Gonzalez v. United States, No. 19-4166 (2d. Cir. Jan. 28, 2020).

The Government agrees that, in light of Davis, Petitioner's Section 924(c) conviction cannot stand.  (Apr. 30, 2020 Govt. Ltr. (Dkt. No. 395) at 3, 98 Cr. 438) Accordingly, Petitioner's Section 924(c) conviction is vacated.

The Government argues, however, that Gonzalez should not receive a full resentencing, "because it is clear that the sentences imposed on the two remaining counts of conviction were not driven or affected in any way by the presence of the Section 924(c) count; the defendant received the statutory maximum sentence on each of the other two counts of conviction, and vacating Count Three does not alter Gonzalez's original Sentencing Guidelines range."  (Id. at 5)  The Government requests that this court "enter an amended judgment reducing Gonzalez's sentence from 420 months' imprisonment to 360 months' imprisonment."  (Id. at 6-7)

Petitioner "submits that a full resentencing is necessary," noting that he was sentenced twenty years ago, before the Guidelines were made advisory, and that his "offenses were committed as a juvenile. . . ."  (May 26, 2020 Pet. Ltr. (Dkt. No. 397) at 5, 98 Cr. 438)

This Court agrees that a full resentencing is appropriate. See United States v. Gordils, 117 F.3d 99, 103 (2d Cir. 1997) ("[Section] 2255 gives a district court broad and flexible remedial authority, having 'vacate[d] and set the judgment aside,' to resentence a defendant and correct the sentence as appropriate.").

Gonzalez will be resentenced on **October 21, 2020 at 4:00 p.m.** in Courtroom 705 of the Thurgood Marshall United States Courthouse, 40 Foley Square, New York, New York. The Probation Department is directed to prepare a supplemental pre-sentence investigation report. The Government is directed to have Gonzalez produced to Magistrate's Court for assignment of CJA counsel once Gonzalez is returned to this District. Gonzalez's submission regarding resentencing is due on **September 30, 2020.** The Government's submission regarding resentencing is due on **October 7, 2020**.

Copies mailed by Chambers.

Dated: New York, New York
August 28, 2020

SO ORDERED.

*Paul G. Gardephe*

Paul G. Gardephe
United States District Judge